Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS RAYMOND DANIEL II, | |
| Plaintiff, | |
| v. | C10-1435-JCC |
| FEDERAL GOVERNMENT AREA 51, | **ORDER** |
| Defendant. | |

This matter comes before the Court upon the report and recommendation of the Honorable James P. Donohue, United States magistrate judge. (Dkt. No. 3). The Court has also considered Plaintiff's objections to the report and recommendation. (Dkt. No. 5). For the reasons explained below, the Court hereby ADOPTS the report and recommendation. The Court therefore DISMISSES this matter without prejudice.

ORDER, C10-1435-JCC
Page 1

## I. BACKGROUND

Plaintiff Thomas Raymond Daniel filed a proposed complaint with this Court on September 7, 2010. The proposed complaint alleges in full:

> Back in the eighties, I had a space-age microchip injected into my brain through my eye. (There is a blood clot in the iris of my right eye.). Years later, I unlocked my memory and remembered having the operation. I also remember having some kind of bionic juice injected into my bloodstream. There is a lot of radio activity going on in my brain. This is an extremely advanced operation. I experience swelling periodically in my brain. Sometimes, I begin to think and my brain stops and I have to make myself remember what I was about to think about. My brain is running on some kind of machine. This is going to progress over a period of time and I am going to go brain dead. There has never been any formal communication with me about this. An EEG [electroencephalograph] may need to be ordered by the court to prove my case.

(Proposed Complaint 3 (Dkt. No. 1-1)).

Because Plaintiff filed an application to proceed *in forma pauperis*, his proposed complaint was reviewed by the Honorable James P. Donohue, United States magistrate judge. *See* LOCAL RULES W.D. WASH. MJR 1(h). On September 9, 2010, Magistrate Judge Donohue recommended that this Court dismiss this matter without prejudice because Plaintiff had failed to state a claim upon which relief can be granted. (Report (Dkt. No. 3)). The report and recommendation identifies several defects with Plaintiff's proposed complaint, including the failure to identify a proper defendant. (*Id.* 2).

Plaintiff filed objections to the report and recommendation on October 4, 2010. (Dkt. No. 5). The objections state in full:

> Hello, my name is Thomas Raymond Daniel II. I recently filed a twenty-five-million-dollar claim against the federal government. I am objecting to the proposed order. There was in fact a microchip injected into my brain when I was a child. Years later, I unlocked my memory and remembered having the operation. In recent days, I am experiencing pressure and swelling on the brain. This is going to progressively increase in the future. I plan to gather more information to prove my case. I am going to be requesting a jury trial in my appeal. I think that twenty-five million dollars is in the ballpark for human experimentation.

(*Id.*).

## II. RELEVANT LAW

The courts of the United States are courts of limited jurisdiction, limited to hearing only those cases and controversies that arise under the Constitution, and the laws and treaties of the United States. U.S. CONST. Art. III; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). An "essential and unchanging" component of the case-or-controversy requirement of Article III is that the plaintiff have constitutional standing. *Lujan*, 504 U.S. at 560. Constitutional standing, in turn, is comprised of three elements: "First, the plaintiff must have suffered an injury in fact[.] . . . Second, there must be a causal connection between the injury and the conduct complained of[.] . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 560–61 (internal citations and markings omitted).

In order for an alleged injury to be redressible by a judgment of this Court, a plaintiff must have named a proper defendant. *See Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992). In the case of suits against sovereign governments, this typically means that a plaintiff must name an official or minister of the sovereign government as a defendant. *See id.*

## III. DISCUSSION

Because the only defendant identified by Plaintiff in his complaint and objections is "Federal Government Area 51," and because this purported agency of the United States Government is not itself amenable to suit, an order from this Court cannot provide Plaintiff with the redress that he seeks. The Court therefore dismisses this matter for lack of jurisdiction. *See Lujan*, 504 U.S. at 560–61.

## IV. CONCLUSION

The Court hereby ADOPTS the report and recommendation. (Dkt. No. 3).

The Court therefore DISMISSES Plaintiff's complaint without prejudice, and thereby DENIES his motion for leave to proceed *in forma pauperis* as moot.

//

1  //

3     SO ORDERED this 16th day of November, 2010.

         _____
         JOHN C. COUGHENOUR
         United States District Judge

26  ORDER, C10-1435-JCC
    Page 4